# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:25-cv-01021-SHM-tmp |
| ) | |
| MADISON COUNTY JAIL EMPLOYEES, ) | |
| ET AL., ) | |
| ) | |
|     Defendants. ) | |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
DIRECTING CHAPMAN TO FILE AN AMENDED COMPLAINT;
DENYING WITHOUT PREJUDICE MOTION SEEKING APPOINTMENT
OF COUNSEL (ECF NO. 2);
DENYING MOTION FOR INFORMATION (ECF NO. 14) AS MOOT;
DENYING WITHOUT PREJUDICE ALL OTHER PENDING MOTIONS
(ECF NOS. 4, 6, 8, 9 & 11-13 & 15); AND
DIRECTING CLERK TO SEND FORM TO CHAPMAN**

On January 23, 2025, Plaintiff Billie Joe Chapman, who is incarcerated at the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee and is assigned Tennessee Department of Correction ("TDOC") prisoner identification number 633331, filed: (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1); (2) a motion seeking appointment of counsel (ECF No. 2); (3) a motion for leave to proceed *in forma pauperis* (ECF No. 3 (the "IFP Motion")); and (4) a "motion for discovery under (A.D.A. complaint)." (ECF No. 4).

On February 10, 2025, Chapman filed a "motion to fix court and judge error(s)."  (ECF No. 6.)  On March 5, 2025, Chapman filed a "motion to stay case until habeas corpus is decided." (ECF No. 8.)  On March 13, 2025, Chapman filed a "motion for judge to recuse himself for good cause." (ECF No. 9.)  On May 27, 2025, Chapman filed: (1) a "motion to stay until decision on

Case # 1:24-cv-01106 for good cause from the beginning" (ECF No. 11); and (2) a motion for "injunction and order needed in complaint because the prison facility denys [sic] access to the courts." (ECF No. 12.) On June 26, 2025, Chapman filed a motion for "injunction and order to the State of Tennessee to give Plaintiff access to the courts through law library and U.S. mail rights and privileges being violated." (ECF No. 13.) On July 11, 2025, Chapman filed a "motion for information concerning affidavit to proceed and 6 months trust fund printout sent to this Court." (ECF No. 14 at PageID 128-29 (the "Motion For Information") (asking "Did this Court get the sworn affidavit with 6 months accounting print out?").) On July 28, 2025, Chapman filed a "motion with leave for Plaintiff to submit more exhibits to prove criminal and corruption by Defendants and violations of writ of habeas corpus / liberty(s) without amending because these issues are all there." (ECF No. 15.)

The complaint (ECF No. 1) and Chapman's pending motions (ECF Nos. 2, 4, 6, 8, 9 and 11-15 are before the Court. For the reasons explained below: (1) the complaint is **DISMISSED WITHOUT PREJUDICE**; (2) Chapman is **DIRECTED** to file an amended complaint on the proper form; (3) Chapman's motion for appointment of counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**; (4) Chapman's Motion For Information (ECF No. 14) is **DENIED AS MOOT**; and (5) all other pending motions (ECF Nos. 4, 6, 8, 9 and 11-13 & 15) are **DENIED WITHOUT PREJUDICE**.

I.  **BACKGROUND**

The complaint comprises: (1) eight (8) handwritten pages of Chapman's random thoughts and phrases, which lack sufficient coherent factual allegations to provide context and support (ECF No. 1 at PageID 1-8 (the "First Eight Pages")); and (2) Chapman's "Sworn Affidavit In Support

of the Americans With Disability Act (A.D.A.)" (*id.* at PageID 9-14), which includes content similar to the First Eight Pages, such as Chapman's allegations of:

(1) "violations of due process protection" (ECF No. 1 at PageID 1);

(2) "judge with wrongful prejudice" (*id.*);

(3) "wrongful prejudice by Defendants knowingly and without jurisdiction from the beginning by Judges Anderson and Allen" (*id.* at PageID 2);

(4) "false imprisonment / kidnapped ongoing on / before and after September 7, 2021" (*id*);

(5) "corruption by judges from the beginning 10-20-2020" (*id*);

(6) "illegally arrested warrant violating police investigation, illegal warrant by Judge Anderson" (*id.*);

(7) "intrusion violations of 1st retaliation by Judge Anderson because of U.S.C.A. 4th, 5th and 14[th] too (protections)" (*id.*);

(8) "Judges / Defendant Allen and Anderson the criminal court and State of Tennessee are the Defendants under (A.D.A.) because judicial misconduct starting on October 20, 2020" (*id.* at PageID 2-3);

(9) "decision by Judge Anderson all in violations of rights / liberty and violations of the 4th, 5th, and 14th U.S.C.A." (*id.* at PageID 3);

(10) "Judge Donald Allen was illegally involved in this criminal case starting on 10-20-2020" (*id.* at PageID 4);

(11) "violations of due process (conflict judge) protection, fair hearing – prejudice actions, retaliation as Judge Anderson was a defendant. Prior and unlawfully got involved and signed a warrant without proof or probable cause" (*id.* at PageID 4);

(12) "illegal and unlawful arrest 10-20-2020" (*id.* at PageID 5);

(13) "no plea on the record → Rule 11(e)" (*id.* at PageID 5);

(14) "no legal plea what so ever [sic] Rule 12(a) by the State of Tennessee Circuit Court, Madison County" (*id.* at PageID 5);

(15) "at the date and time of plea hearing, this Plaintiff was being forced drugs, on Sept. 7, 2021 before / after was under mental health care was on mental health restrictions" (*id.*);

(16) "illegally taken out of the County of Masion to the County of Hardeman, Bolivar, TN on March 5, 2021.  *See* Exhibit A 3 pages discover[y] requested" (*id*. at PageID 6);

(17) "drugs were forced for weeks before any court / judges order, and kidnapped / illegally taken while under state prosecution, was on going [sic] in violations of due process protections / intrusion" (*id*. at PageID 6);

(18) "Because judges are liable to be sued under T.C.A. § 29-21-108 when denying writ of habeas corpus when properly filed" (*id*. at PageID 8);

(19) "illegal questions by the Jackson Police Dept. employees" (*id*. at PageID 10);

(20) "disqualified and conflict / no plea ever made by me (Chapman) and I am illegally restrained" (*id*.);

(21) "(tied to a bed) forced mental and forced psychotropic drugs / medications from 2-25-21 through 3-5-21 – then illegally taken out of Madison County to Hardeman County and false[ly] imprisoned at the Western State Mental Hospital and forced more drugs by Shets [sic] starting on 3/5/21" (*id*. at PageID 11);

(22) "No medication ever given / ordered prior to claimed property crimes in October 2020" (*id*. at PageID 11);

(23) "violation of Rule 11 and Rule 12(a) of the Tenn. R. Crim. P. when no legal plea made on record" (*id*. at PageID 12); and

(24) "the force of drugs intrusion violated Chapman's 4th and 5th and 14th U.S.C.A. on a pre-detainee with false imprisonment under the 8th U.S.C.A. cruel and unusual punishment" (*id*. at PageID 13).

Chapman sues: (1) "Madison County Jail Employees"; (2) Judge F/N/U Anderson; (3) Judge F/N/U Allen; (4) "State of Tennessee Employees"; (5) Madison County Sheriff's Department; (6) Western State Mental Hospital; and (7) Jackson City Police Department. (*Id*. at PageID 1.)  Chapman seeks "damages of $1,000,000.00 one million dollars for kidnapping / taking illegally out of jail / forced drugs and mental health treatment / and violations of due process protection starting February 2021." (*Id*. at PageID 7.)

**II.     SCREENING**

## A. **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a " 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt

5

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading' " (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. §§ 12101, *ET SEQ.* AND 42 U.S.C. § 1983

Chapman titles the complaint: "Notice of Complaint Under 42 U.S.C. §§ 12101, *et seq.* Americans With Disabilities Act." (ECF No. 1 at PageID 1.) The content of Chapman's factual allegations, not the labels he affixes to his pleadings, determines the nature of his legal claims.

Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, Chapman must show that he is "(1) disabled under the statute, (2) otherwise qualified for participation in the program, [services, or activities], and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under[,] the program, [services, or activities] by reason of his . . . disability." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008) (internal quotation marks and citation omitted).

Chapman makes the conclusory allegation that he is "mentally disabled." (ECF No. 1 at PageID 9.) Chapman alleges that he received anti-psychotic medication while treated at the Western State Mental Institution, but he fails to provide specific details about the nature of his disability. (*See id*. at PageID 11.) "Mental illnesses of various sorts can certainly qualify as a

6

disability under the ADA, but where . . . a party alleges that he is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity." *Adams v. Vanderbilt Univ.*, No. 3:23-cv-00001, 2024 WL 1182861, at *17-18 (M.D. Tenn. Mar. 19, 2024) (internal quotation marks and citation omitted). Chapman does not describe his mental illness with any specificity and has failed to allege sufficient facts to show that he has a qualifying disability under the ADA. *See id*. Even if Chapman had alleged sufficient facts to show that he has a disability under the ADA, Chapman's allegations would not show that he was excluded from a service or program, denied accommodation, or discriminated against due to his disability. *See* § 12132. All of Chapman's allegations are based on or related to his state court criminal proceedings. (*See* ECF No. 1 at PageID 1-14.) His allegations are insufficient to state any covered discrimination based on his unspecified mental illness. Chapman's conclusory allegation of violations of the ADA without specific supporting factual allegations fails to state a claim to relief.

The complaint is instead construed to allege claims of deprivation of Chapman's Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment federal constitutional rights in violation of 42 U.S.C. § 1983, not violations of the ADA. (*See*, *e.g.*, ECF No. 1 PageID 1, 2, 3 & 13 (alleging "violations of due process protection" and violations of Chapman's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments).)

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

The complaint does not set forth coherently the constitutional claims that Chapman alleges against each Defendant. Chapman does not identify the injuries that he incurred because of alleged

7

misconduct by specific Defendants on particular dates. Instead, Chapman makes vague generalizations without supporting facts, examples of which are listed above. (*See* Section I, *supra*.) The generalizations listed above illustrate, but do not exhaust, the abstractions alleged in the complaint.

Here, the complaint's abbreviated phrases, imprecise statements, and factually-unsupported generalizations about various incidents Chapman experienced in 2020 and 2021 (*see* ECF No. 1 at PageID 2-6 & 10-13) are not clear and concise claims that comply with Fed. R. Civ. P. 8(a). The complaint's disjointed thoughts and phrases, which lack context and supporting facts, effectively ask the Court to identify for Chapman his legal claims and their supporting facts. (*See*, *e.g.*, ECF No. 1 at PageID 2 ("See C-20-202, C-21-26 → Exhibit C / D – 30 pages"); *id*. at PageID 3 ("See Exhibit B 10 pages"); *id*. at PageID 4 ("See Exhibits B-1 through B-10 showing how Judge Anderson was a defendant").) The Court cannot do so. *See Brown*, 415 F. App'x at 612-13.

The complaint fails to comply with Fed. R. Civ. P. 8(a) and lacks sufficiently-alleged claims for the Court to screen pursuant to the PLRA.

IV.  **THE MOTION FOR COUNSEL**

In Chapman's motion seeking appointment of counsel, he "moves this Court for appointment of [an] attorney counsel because Plaintiff is mentally disabled […]. Plaintiff is not an attorney and the issues are serious. Plaintiff is denied / refused prison law library and needs counsel." (ECF No. 2 at PageID 78-79.) The motion does not warrant the relief Chapman seeks.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332

F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. To determine whether there are exceptional circumstances, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

Chapman's method of pleading his legal claims and the supporting facts fails to comply with Fed. R. Civ. P. 8(a). The complaint nevertheless attempts to assert claims that come within § 1983, a well-settled area of law.

That Chapman has no formal legal education is not an exceptional circumstance that warrants the appointment of counsel in a civil case. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Like all prisoners proceeding *pro se* before

9

the Court, Chapman must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. *See Howard*, 2000 WL 876770, at *2.

Chapman's allegation of "mental disab[i]l[ity]" is insufficiently detailed to demonstrate exceptional circumstances. Chapman offers no facts showing that he cannot understand and respond to Court orders. *See Torres v. Jorrin*, No. 20-cv-891, 2020 WL 5909529, at *1 (S.D. Cal. Oct. 6, 2020) (denying the plaintiff's motion for reconsideration of the denial of appointment of counsel because his allegations of "a learning disability" are "typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to satisfy the 'exceptional circumstances' standard required to justify appointment of counsel") (citing *Jones v. Kuppinger*, No. 13-cv-451, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel")); *Williams v. Kernan*, No. 18-cv-1833, 2019 WL 1099842, at *3 (S.D. Cal. Mar. 8, 2019) (concluding that the *pro se* plaintiff failed to demonstrate exceptional circumstances warranting the appointment of counsel where he failed to present evidence of incompetence and did not claim that his alleged mental disabilities prevented him from comprehending court orders); *Miller v. Parker*, No. 17-cv-371, 2018 WL 1022578, at *3 (E.D. Tenn. Feb. 22, 2018) (concluding that the plaintiff failed to demonstrate exceptional circumstances warranting appointment of counsel where he alleged "'mental[] and intellectual disability'").

To the extent Chapman seeks appointment of counsel based on his vague statement about lack of access to the prison law library (ECF No. 2 at PageID 79), Chapman's argument is unpersuasive. The complete denial of access to a law library, in the absence of any other form of legal assistance, would constitute a deprivation of the right of access to the courts. *See Simmons*

10

*v. United States*, 974 F.3d 791, 795 (6th Cir. 2020); *see also Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Chapman does not provide the facts necessary for the Court to evaluate meaningfully Chapman's claim about library access. (*See* ECF No. 2 at PageID 79.) For example, Chapman does not allege: when he sought access to the prison law library; the purpose for which he sought access to the law library; the identity of the person(s) who denied access to Chapman and the reasons given; or whether the jail provides access to other forms of legal assistance, such as jailhouse lawyers. These factors are important because prisons may place reasonable restrictions on inmates' access to a law library. Prisons may forgo providing a law library entirely in favor of providing other forms of legal assistance. *Walker v. Mintzes*, 771 F.2d 920, 931-32 (6th Cir. 1985). Absent answers to the foregoing questions, the Court cannot determine whether Chapman's alleged deprivation of prison law library access is: (1) a constitutional deprivation; (2) merely the product of reasonable restrictions on law library use; or (3) a choice to replace law library access with other forms of legal assistance.

The motion seeking appointment of counsel (ECF No. 2) is unpersuasive because Chapman does not demonstrate exceptional circumstances warranting appointment of counsel. The motion (ECF No. 2) is **DENIED WITHOUT PREJUDICE**, subject to Chapman's right to re-file a motion for appointment of counsel if the case proceeds.

### V.   CONCLUSION

For these reasons explained above:

A.   The complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief as required by Fed. R. Civ. P. 8(a).

      B.      The Court **ORDERS** Chapman to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order. In that filing, Chapman shall clarify the allegations in the complaint by concisely alleging in <u>one</u> document <u>all</u> Defendants and <u>all</u> claims within this Court's jurisdiction. Chapman shall submit the amended complaint on the form for "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983."[1] The amended complaint must be complete without reference to a prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document such as exhibits. Any exhibits to the amended complaint must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in the amended complaint must arise from the facts initially alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.

      C.      The Clerk of Court is **DIRECTED** to mail to Chapman a form Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983.

      D.      Chapman's motion for appointment of counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

      E.      Given that the Court, on August 6, 2025, granted leave to proceed *in forma pauperis* (ECF No. 16), Chapman's Motion For Information (ECF No. 14) is **DENIED AS MOOT**.

      F.      Given that the complaint fails to comply with Fed. R. Civ. P. 8(a) and does not survive screening under the PLRA, all other pending motions (ECF Nos. 4, 6, 8, 9 and 11-13 & 15) are **DENIED**, subject to Chapman's right to re-file the motions if this case proceeds.

---

[1]    *See* www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983 form) (last accessed August 13, 2025).

IT IS SO ORDERED this <u>14th</u> day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
